UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| X CORP., | Court File No. 25-cv-1649 (LMP/DLM) |
| Plaintiff, | |
| vs. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS** |
| KEITH ELLISON, in his official capacity, as Attorney General of Minnesota, | |
| Defendant. | |

**INTRODUCTION**

Deepfakes are highly realistic video, audio, and other digital content generated by artificial intelligence.  They depict a person doing or saying something they did not do or say.  In this case, X challenges Minnesota Statutes Section 609.771, which criminalizes the knowing or reckless dissemination of deepfakes that are intended to injure a candidate or influence an election.  X brings three causes of action.

First, X alleges the statute violates the First Amendment (facially and as-applied) because it allegedly imposes content-, viewpoint-, and speaker-based speech restrictions, which do not survive strict scrutiny.  Second, X alleges the statute is preempted by Section 230 of the Communications Decency Act of 1996.  Third, X alleges the statute is void for vagueness under the First and Fourteenth Amendments.

As this Court is aware, a separate challenge to the statute is already pending, and that challenge is currently at the U.S. Court of Appeals for the Eighth Circuit: *Kohls v.*

*Ellison*, Case No. 25-1300.  The District of Minnesota has identified these cases as related. Indeed, X attached a brief from that case to their Complaint in this case.  Because the Eighth Circuit may interpret the statute in a way that will affect this case, and X will suffer no prejudice, Attorney General Ellison respectfully requests this Court stay this action until the Eighth Circuit resolves the appeal in *Kohls*.  This Court can then consider both this case and *Kohls* at the same time.

## PROCEDURAL BACKGROUND

Section 609.771 was passed in 2023 and amended in 2024.  2023 Minn. Laws ch. 58, § 2; 2024 Minn. Laws ch. 112 art 2 §§ 76-78.  It imposes criminal penalties related to the dissemination of artificially generated deep fakes in the election context.  The statute defines deep fake as:

> any video recording, motion-picture film, sound recording, electronic image, or photograph, or any technological representation of speech or conduct substantially derivative thereof:
>
>> (1) that is so realistic that a reasonable person would believe it depicts speech or conduct of an individual who did not in fact engage in such speech or conduct; and
>>
>> (2) the production of which was substantially dependent upon technical means, rather than the ability of another individual to physically or verbally impersonate such individual.

Minn. Stat. § 609.771, subd. 1(c).  A person who disseminates (or enters into an agreement to disseminate) a deep fake is guilty of a crime if the person knows or acts with reckless disregarding whether the item is a deep fake and dissemination:

> (1) is made without the consent of the depicted individual;

(2) is made with the intent to injure a candidate or influence the result of an election; and

(3) takes place either:

    (i) within 90 days before a political party nominating convention; or

    (ii) after the start of the absentee voting period prior to a presidential nomination primary, or a regular or special state or local primary or general election.

Minn. Stat. 609.771, subd. 2(a). Broadcasters and cable television are not liable if the deep fake is produced by a candidate and the broadcaster or cable television system was required to disseminate it under federal law. *Id.*, subd. 2(b).

On September 27, 2024, Christopher Kohls, a social media content creator, and Mary Franson, a member of the Minnesota House of Representatives, filed a lawsuit challenging the statute. Complaint, *Kohls v. Ellison*, ECF No. 1, Case No. 0:24-cv-03754 (LMP/DLM) (D. Minn. Sept. 27, 2024). The *Kohls* plaintiffs advance three theories: First, they allege the statute violates the First Amendment and the Minnesota Constitution (facially) because it is a content-based statute that does not survive strict scrutiny.[1] *See id.* ¶ 91. Second, they advance a First Amendment as-applied challenge, arguing the statute imposes criminal liability on them "for creating and/or disseminating [Artificial Intelligence]-generated political commentary on social media." *Id.* ¶ 100. Third, they argue the statute is void for vagueness under the Fourteenth Amendment. Specifically, they argue the following phrases are unconstitutionally vague: (a) "substantially dependent

---

[1] Although not directly alleged in the Complaint, the *Kohls* plaintiffs have also argued that section 609.771 violates the First Amendment because it discriminates based on viewpoint.

upon technical means"; (b) "so realistic that a reasonable person would believe it depicts speech or conduct of an individual who did not in fact engage in such speech or conduct"; (c) "made with the intent to injure a candidate or influence the result of an election"; and (d) "disseminates a deep fake." *Id.* ¶¶ 115-18.

About two weeks after filing the lawsuit, the *Kohls* plaintiffs moved for a preliminary injunction. Motion for Preliminary Injunction, *Kohls v. Ellison*, ECF No. 10, Case No. 0:24-cv-03754 (LMP/DLM) (D. Minn. Oct. 11, 2024). This Court denied the motion. The Court determined that Kohls lacked standing. *Kohls v. Ellison*, No. 24-CV-3754 (LMP/DLM), 2025 WL 66765, at *5 (D. Minn. Jan. 10, 2025), *appeal docketed*, No. 25-1300 (8th Cir. Feb. 12, 2025). The Court concluded that Representative Franson had standing, *id.* at *6, but denied the motion because Representative Franson did not demonstrate that she would be irreparably harmed absent injunctive relief, *id.* at *9. The *Kohls* plaintiffs appealed. Notice of Appeal, *Kohls v. Ellison*, ECF No. 52, Case No. 0:24-cv-03754 (LMP/DLM) (D. Minn. Feb. 7, 2025).

The *Kohls* parties "agree[d] that Plaintiffs' appeal is likely to resolve some of the contested legal issues in dispute in this matter, and the remaining issues before the District Court are sufficiently intertwined with the issues on appeal" to warrant a stay. Stipulation for Stay, *Kohls v. Ellison*, ECF No. 58, Case No. 0:24-cv-03754 (LMP/DLM) (D. Minn. March 11, 2025). This Court stayed the case pending appeal. Order Staying Case, *Kohls v. Ellison*, ECF No. 61, Case No. 0:24-cv-03754 (LMP/DLM) (D. Minn. March 12, 2025).

Less than two months later (on April 23), X initiated this lawsuit.  ECF No. 1.  Like the *Kohls* plaintiffs, X argues the statute is facially unconstitutional because it is a content-based restriction that does not survive strict scrutiny.  *Compare* ECF No. 1 ¶¶ 53-70 (Count 1)*, with* Compl. ¶¶ 87-95, *Kohls v. Ellison*, ECF No. 1, Case No. 0:24-cv-03754 (LMP/DLM) (D. Minn. Sep. 27, 2024).  Also like the *Kohls* plaintiffs, X argues the statute is void for vagueness.  *Compare* ECF No. 1 ¶¶ 85-95 (Count 3)*, with* Compl. ¶¶ 104-20, *Kohls v. Ellison*, ECF No. 1, Case No. 0:24-cv-03754 (LMP/DLM) (D. Minn. Sep. 27, 2024)*.*  Indeed, both complaints identify some of the same allegedly vague words and phrases.  *Compare* ECF No. 1 ¶¶ 87-89, *with* Compl. ¶¶ 115-18, *Kohls v. Ellison*, ECF No. 1, Case No. 0:24-cv-03754 (LMP/DLM) (D. Minn. Sep. 27, 2024).  As a social media company, X also brings a claim under Section 230, which is not a claim in the *Kohls* case.  X attached the Attorney General's preliminary injunction brief in *Kohls* as Exhibit 1 to its Complaint.  ECF No. 1-1; *see also* ECF No. 1, at 3 n.2 & 10 n.7 (citing the brief).  The Court identified this case as related to *Kohls* and reassigned it.  ECF No. 10.

## ARGUMENT

The Court has broad power to stay proceedings to control its docket.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006).  "'When considering a motion to stay, courts consider the potential stay's impact on judicial resources, the hardship and inequity to the moving party if the case is not stayed, and the prejudice to the non-moving party.'"  *Silverado Park Ass'n v. Country Mut. Ins. Co.*, 742 F. Supp. 3d 910, 918 (D. Minn. 2024) (quoting *Kellogg v. Watts*

*Guerra, LLP*, No. 18-cv-1082 (DWF/BRT), 2018 WL 3432048, at *1 (D. Minn. July 16, 2018)); *see also Taqueria El Primo LLC v. Ill. Farmers Ins. Co.*, 705 F. Supp. 3d 918, 924 (D. Minn. 2023).[2]  The moving party has the burden to establish a stay is appropriate.  *FCA US LLC*, No. 24-CV-4041 (LMP/TNL), 2025 WL 314966, at *2 (D. Minn. Jan. 28, 2025).

A stay is warranted here.  Both actions raise two important constitutional questions: whether the statute violates the First Amendment and whether it is unconstitutionally vague.  It would be more efficient for the parties and this Court if those questions are answered at the same time for both cases.  Staying this case now puts this case in the same procedural posture as *Kohls*:  post-answer and pre-discovery.

Additionally, the Eighth Circuit appeal in *Kohls* turns, in large part, on how section 609.771 should be interpreted, which will bear on how this Court should interpret the statute in this case.[3]  The Eighth Circuit may also consider likelihood of success on the merits, which will have a direct impact on the First Amendment claims in this case.

X may argue that the Eighth Circuit in *Kohls* may not address the merits at all— indeed, this Court resolved the preliminary injunction motion on irreparable harm alone. That possibility does not undercut the efficiencies gained from a stay.  Although this Court

---

[2]  The Attorney General does not argue that he would suffer hardship or inequity if the stay is not granted.

[3]  In addition, the Attorney General has asked the Eighth Circuit to certify to the Minnesota Supreme Court a question about the scope of section 609.771 if the Eighth Circuit finds the statute ambiguous. If the Eighth Circuit certifies the question, then a stay is even more appropriate, because the federal courts will get definitive guidance from the Minnesota Supreme Court on the meaning of Minnesota law.

resolved the motion on irreparable harm alone, on appeal, the *Kohls* plaintiffs have asked the Eighth Circuit to remand with instructions to preliminarily enjoin defendants from enforcing the statute.[4]   And their engagement with the merits was not cursory; to the contrary, approximately eight pages of the *Kohls* plaintiffs' appellate brief addresses why they believe the statute is an unconstitutional limit on core political speech.[5]   Likewise, although appellees took the position that the Eighth Circuit need not reach the likelihood-of-success element (and if the Court concluded the district court needs to, it should remand for the district court to perform the analysis in the first instance), seventeen pages of Appellee Keith Ellison's brief addressed the merits.[6]

If the Eighth Circuit interprets the statute, or assesses likelihood of success on the merits of the First Amendment claims, the Court and both parties will be worse off without a stay.  *See Silverado Park Ass'n*, 742 F. Supp. 3d at 918 (considering impact on judicial resources when determining propriety of a stay).   Specifically, this Court could interpret the term "deep fake" in a way that is inconsistent with the Eighth Circuit's interpretation.   Or this Court could reach the merits of the statute before the Eighth Circuit does, and thus without the benefit of whatever guidance the Eighth Circuit eventually provides.   That sequence of events raises the possibility of inconsistent decisions between this Court and

---

[4]  Appellants' Brief 14, *Kohls v. Ellison*, Case No. 25-1300 (8th Cir. Apr. 18, 2025).

[5]  *Id.* at 38-46.

[6]  Appellee Ellison's Brief 35-51, *Kohls v. Ellison*, Case No. 25-1300 (8th Cir. May 19, 2025); *see also id.* at 35 ("Even if the Court reaches the likelihood-of-success on the merits, it should either remand or affirm.").

the Eighth Circuit, which could prompt unnecessary and protracted motion practice about how to reconcile any new guidance from the Eighth Circuit during the remainder of this matter.

The absence of a stay also poses a risk of inefficient and cumbersome discovery proceedings. Without a stay, discovery will commence shortly, and the parties will proceed under their present understanding of the statute. But if later guidance from the Eighth Circuit reveals that this understanding was incorrect, the parties may have to modify the parameters of discovery or even redo parts of discovery that have already been completed. Neither of these possibilities promotes judicial economy or the prudent stewardship of judicial resources. *Id.* The better course is to stay the case and, once the resolution of *Kohls* allows a state of play to be determined with certainty, commence discovery in this matter in an orderly fashion.

As for prejudice to X in the absence of stay, there will be none. This statute has been in effect since August 1, 2023. 2023 Minn. Laws ch. 58, § 2. Yet X does not plead that the Attorney General has ever threatened to enforce the statute whatsoever, much less against X or any other social media company. Further, under federal law, X cannot be sued or be held liable on a theory that "treat[s X] as the publisher or speaker of any information provided by another information content provider." 47 U.S.C.A. § 230(c)(1), (e)(3). There is nothing in the language of the statute indicating the Legislature intended to hold social media companies liable in the manner catastrophized by X, or that it intended the statute to be contrary to Section 230. Indeed, both statutes that were passed in the same chapter

8

refer to Section 230. 2023 Minn. Laws ch. 58, § 1 ("This section does not alter or amend the liabilities and protections granted by United States Code, title 47, section 230, and *shall be construed in a manner consistent with federal law.*" (emphasis added)); *id.* § 3 ("Nothing in this section shall be construed to impose liability upon [an interactive computer service] solely as a result of content or information provided by another person[.]").

As the statutes were considered and passed at the same time, it is clear the legislature did not intend to hold social media companies liable in a manner inconsistent with Section 230. The Court need not decide the merits of X's preemption claim now; but the lack of allegations about any risk of enforcement coupled with the statutory language suggesting the Legislature did not intend to pass a law at odds with Section 230 indicate no prejudice to X if the Court grants a stay.

For the reasons stated herein, Attorney General Ellison respectfully asks that this Court stay the current Action, on the same terms as the *Kohls* case is stayed—that is, the case is stayed until further order of the Court and "[w]ithin one week after the deadline to seek review of the decision of the U.S. Court of Appeals for the Eighth Circuit by the Supreme Court [in the *Kohls* matter], the parties shall advise this Court in a joint letter whether any party has filed a petition for a writ of certiorari with the Supreme Court [in the *Kohls* matter]. The parties should also advise the Court whether a continued stay of the proceedings is warranted."

Dated: June 3, 2025                    Respectfully,

                                       KEITH ELLISON
                                       Attorney General
                                       State of Minnesota

                                       s/ **Janine Kimble**
                                       PETER FARRELL (#0393071)
                                       Deputy Solicitor General
                                       JANINE KIMBLE (#0392032)
                                       MADELEINE DEMEULES (#0402648)
                                       IAN TAYLOR, JR. (#0401548)
                                       Assistant Attorneys General

                                       445 Minnesota Street, Suite 600
                                       St. Paul, Minnesota 55101-2131
                                       (651) 757-1424 (Voice)
                                       (651) 282-5832 (Fax)
                                       Peter.Farrell@ag.state.mn.us
                                       Janine.Kimble@ag.state.mn.us
                                       Madeleine.DeMeules@ag.state.mn.us
                                       Ian.Taylor@ag.state.mn.us

                                       ATTORNEYS FOR DEFENDANT

|#6084946-v3