**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

X CORP.,

Plaintiff,

v.

KEITH ELLISON, *in his official capacity as Attorney General of Minnesota*,

Defendant.

Case No. 25-cv-1649 (LMP/DLM)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY**

---

Erick G. Kaardal, **Mohrman, Kaardal & Erickson, P.A., Minneapolis, MN**; and Floyd Abrams, Joel Kurtzberg, and Jason David Rozbruch, **Cahill Gordon & Reindel LLP, New York, NY**, for Plaintiff.

Peter J. Farrell, Janine Kimble, Madeleine DeMeules, and Ian Taylor, Jr., **Minnesota Attorney General's Office, St. Paul, MN**, for Defendant.

Plaintiff X Corp. ("X") filed this action against Keith Ellison in his official capacity as Attorney General of Minnesota ("Attorney General Ellison"), challenging a Minnesota statute on constitutional and statutory grounds. After answering the complaint, Attorney General Ellison moved to stay these proceedings until the U.S. Court of Appeals for the Eighth Circuit resolves an appeal in a similar case that challenges the same state statute. ECF No. 18. For the following reasons, the motion is granted in part and denied in part.

## FACTUAL BACKGROUND

On September 17, 2024, Christopher Kohls ("Kohls"), a social media influencer, and Minnesota State Representative Mary Franson ("Representative Franson") brought suit against Attorney General Ellison and Douglas County Attorney Chad Larson. *See Kohls v.*

*Ellison*, No. 24-cv-3754 (LMP/DLM), ECF No. 1 (D. Minn. Sept. 17, 2024). They alleged that Minn. Stat. § 609.771—which prohibits, under certain circumstances, the dissemination of "deepfakes" with the intent to injure a political candidate or influence the result of an election—violates the First Amendment and is void for vagueness under the Fourteenth Amendment. *See id.* ¶¶ 87–120. Kohls and Representative Franson also moved for a preliminary injunction that would enjoin enforcement of Minn. Stat. § 609.771. *See Kohls*, ECF No. 10. On January 10, 2025, this Court denied Kohls's and Representative Franson's motion for a preliminary injunction, holding that Kohls lacked standing to bring suit and Representative Franson failed to demonstrate the requisite irreparable harm for injunctive relief. *See Kohls*, ECF No. 47. The Court did not address the merits of Kohls's and Representative Franson's constitutional challenges. Kohls and Representative Franson appealed the denial of their preliminary-injunction motion to the Eighth Circuit. *See Kohls*, ECF No. 52. That appeal remains pending.

After Kohls and Representative Franson filed their notice of appeal, X brought this lawsuit. *See* ECF No. 1. Like Kohls and Representative Franson, X alleges that Minn. Stat. § 609.771 violates the First Amendment and is void for vagueness under the Fourteenth Amendment. *See id.* ¶¶ 53–70, 84–95. Unlike Kohls and Representative Franson, however, X also alleges that Minn. Stat. § 609.771 is preempted by Section 230 of the Communications Decency Act. *See id.* ¶¶ 71–83. Section 230 "bar[s] plaintiffs from

holding [internet service providers] legally responsible for information that third parties created and developed." *Johnson v. Arden*, 614 F.3d 785, 791 (8th Cir. 2010).

After answering X's complaint, ECF No. 16, Attorney General Ellison moved to stay proceedings in this case pending the Eighth Circuit's resolution of *Kohls*, ECF No. 18. Attorney General Ellison argues that the appeal in *Kohls* "turns, in large part, on how section 609.771 should be interpreted, which will bear on how this Court should interpret the statute in this case." ECF No. 21 at 6. Attorney General Ellison therefore contends this case should be considered only after the Court has the benefit of the Eighth Circuit's interpretation of the statute.

X does not oppose staying this case with respect to the constitutional claims. ECF No. 28 at 2. But X argues that its Section 230 claim should proceed now because that claim is not implicated by the appeal. *Id.* X further represents that it intends to bring a motion for judgment on the pleadings on the Section 230 claim and asks the Court to set a briefing schedule for that motion. *Id.* at 2–3.

## **ANALYSIS**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 821 (D. Minn. 2016) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). Yet despite a court's broad discretion to stay proceedings, it is the proponent of a stay who bears the

burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "[S]tays of litigation are the exception, not the rule." *Ung v. Universal Acceptance Corp.*, No. 15-cv-127 (RHK/FLN), 2016 WL 9307090, at *1 (D. Minn. June 15, 2016).

Although courts have articulated various factors to consider when evaluating a request for a stay, the "[o]verarching considerations are docket control, conservation of judicial resources, and actions that facilitate just determination of pending cases." *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, No. 19-cv-1653 (PJS/DTS), 2020 WL 13002517, at *4 (D. Minn. Aug. 20, 2020); *see Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964–65 (D. Minn. 1998). A stay must "properly balance[] the rights of the parties and serve[] the interests of judicial economy." *Cottrell v. Duke*, 737 F.3d 1238, 1249 (8th Cir. 2013).

The parties agree that a stay of the constitutional claims in this case is appropriate until the Eighth Circuit decides *Kohls*. ECF No. 21 at 6; ECF No. 28 at 2. The Court agrees. X's First and Fourteenth Amendment challenges to Minn. Stat. § 609.771 largely track Kohls's and Representative Franson's First and Fourteenth Amendment challenges to the statute. Although the Court did not address the merits of these claims in denying Kohls and Representative Franson injunctive relief, the Court did interpret the scope of Minn. Stat. § 609.771 in addressing the issue of standing. *Kohls*, ECF No. 47 at 8–15. The Eighth Circuit will have to do the same to determine whether Kohls and Representative Franson engaged in conduct "arguably proscribed" by the statute. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 162 (2014); *see Christian Action League of Minn. v. Freeman*, 31 F.4th 1068, 1072 (8th Cir. 2022). It will be helpful for this Court to have the benefit of the

Eighth Circuit's interpretation of Minn. Stat. § 609.771 as it considers whether the statute arguably proscribes X's conduct, so a stay will "simplify disputed issues and conserve judicial resourses, clarify the law, and aid the Court in making a decision on the merits."[1] *Garcia v. Target Corp.*, 276 F. Supp. 3d 921, 924 (D. Minn. 2016) (cleaned up).

The real dispute between the parties is whether the stay should include X's Section 230 claim, which is not at play in the *Kohls* litigation. X argues that the constitutional claims at issue in *Kohls* are founded on "distinct legal principles" from its Section 230 claim, such that "the Section 230 claim will likely not require any discovery, and, if it did, any such discovery would not overlap with that for the First Amendment and vagueness claims." ECF No. 28 at 5. At this early stage of the case, it is not clear that is entirely true. Attorney General Ellison has not disclaimed an intent to engage in discovery on the Section 230 claim. ECF No. 21 at 8. And both the constitutional claims and the Section 230 claim revolve around AI-generated content published on X's platform. *See* ECF No. 1 ¶ 78. Discovery on all of X's claims would, then, coalesce around a common nucleus of facts. It would be inefficient to have overlapping discovery on X's claims

---

[1] To the extent that Attorney General Ellison argues that a stay is appropriate because the Eighth Circuit could reach the merits of Kohls and Representative Franson's First Amendment claim, ECF No. 21 at 6, that argument does not persuade the Court in favor of a stay. Because the Court did not reach the merits of Kohls and Representative Franson's constitutional challenge, the Eighth Circuit would "ordinarily remand to give the [district] court an opportunity to rule in the first instance." *Fergin v. Westrock Co.*, 955 F.3d 725, 730 n.3 (8th Cir. 2020) (citation omitted). The speculative "hope" that the Eighth Circuit will resolve the merits of the constitutional claims (which would conflict with the ordinary practice of the Eighth Circuit) is an insufficient basis on which to order a stay. *Crystal Imp. Corp. v. Avid Identification Sys., Inc.*, No. 05-cv-2527 (DSD/SRN), 2007 WL 424537, at *4 (D. Minn. Feb. 2, 2007).

proceed on two different tracks: one earlier track for the Section 230 claim, and one later track for the constitutional claims. *See Intirion Corp. v. Coll. Prods., Inc.*, No. 23-cv-4023 (CJW/KEM), 2024 WL 3747178, at *8 (N.D. Iowa Aug. 9, 2024) (explaining it would be "highly inefficient" to engage in "two separate rounds of completing fact and expert discovery").

On the other hand, Attorney General Ellison argues that "the Eighth Circuit may interpret the statute in a way that will affect this case." ECF No. 21 at 2. That is certainly true for the constitutional claims. But the Eighth Circuit's interpretation of Minn. Stat. § 609.771 will likely not impact the Court's analysis of the Section 230 claim. In evaluating the standing of Kohls and Representative Franson, the Eighth Circuit will decide whether they engaged in conduct "arguably proscribed" by the statute. *Driehaus*, 573 U.S. at 162. That analysis will turn, in large part, on the type of AI-generated content posted by Kohls and Representative Franson, as reflected in the preliminary-injunction record. *See Kohls*, ECF No. 47 at 8–15. But the *type* of AI-generated content disseminated on X's platform is largely irrelevant to the Section 230 claim because Section 230 prohibits holding an internet service provider legally responsible for *any* material "originating with a third-party user of the service." *Johnson*, 614 F.3d at 791 (citation omitted). Whether a particular AI-generated post "is so realistic that a reasonable person would believe it depicts speech or conduct of an individual who did not in fact engage in such speech or conduct"—the central question in *Kohls*'s standing analysis, *Kohls*, ECF No. 47 at 10–11—seems largely irrelevant to the analysis under Section 230.

Both parties make good arguments about the propriety of a stay. But at the end of the day, it is Attorney General Ellison's burden to demonstrate his entitlement to a stay. *Clinton*, 520 U.S. at 708. Given that a stay is the "exception, not the rule," *Ung*, 2016 WL 9307090, at *1, and because Attorney General Ellison has not claimed any hardship or inequity if the stay is not granted, ECF No. 21 at 6 n.2, the Court finds that Attorney General Ellison has not met his burden to warrant a stay of this entire case. *See Marden's Ark*, 2020 WL 13002517, at *5 (explaining that courts generally require a party seeking a stay to "show a specific hardship or inequity that would result if the court denies a stay").

Mindful that the Court "must weigh competing interests and maintain an even balance," *Landis*, 299 U.S. at 254, the Court will adopt a compromise solution. X represents that it intends to file a motion for judgment on the pleadings as to its Section 230 claim. ECF No. 28 at 2. The Court will give X 30 days to file that motion. Attorney General Ellison may also file a motion for judgment on the pleadings within that timeframe, if he deems it appropriate. If either party files that motion within 30 days, consideration of the motion (or motions) will proceed in the ordinary course under Local Rule 7.1(c). If neither party files that motion within 30 days, this entire case will be stayed pending the Eighth Circuit's resolution of *Kohls*. And if X files, but does not succeed on, its motion for judgment on the pleadings, this entire case will be stayed pending the Eighth Circuit's resolution of *Kohls* (assuming *Kohls* has not been decided at that point), allowing discovery to proceed for all of X's claims on a single track.

This approach "properly balances the rights of the parties and serves the interests of judicial economy." *Cottrell*, 737 F.3d at 1249. If X succeeds on its claim that Minn. Stat.

§ 609.771 is "invalid and void" as applied against X and preempted by Section 230, ECF No. 1 ¶ 81, then the Court likely will not need to address X's First and Fourteenth Amendment claims because "[w]hile federal courts are obliged to decide constitutional questions when necessary to the resolution of a dispute before them, 'they have an equally strong duty to avoid constitutional issues that need not be resolved in order to determine the rights of the parties to the case under consideration.'" *United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998) (quoting *Cnty. Ct. of Ulster Cnty. v. Allen*, 442 U.S. 140, 154 (1979)); *see Consumer Data Indus. Ass'n v. Swanson*, No. 07-cv-3376 (PJS/JJG), 2007 WL 2219389, at *5 (D. Minn. Jul. 30, 2007) (declining to reach First Amendment claim when relief was afforded to plaintiff on statutory preemption grounds). That is, if X succeeds on its motion for judgment on the pleadings, this case will be effectively over— a huge win for judicial efficiency. And, if X loses its motion for judgment on the pleadings, this case will be stayed at the post-answer and pre-discovery posture, ready to efficiently resume on one track once the Eighth Circuit decides *Kohls*.

## CONCLUSION

Based upon all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED THAT** Attorney General Ellison's Motion to Stay Proceedings (ECF No. 18) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. All proceedings in this case that relate to X's First Amendment and Fourteenth Amendment claims (Counts 1 and 3 of X's Complaint) are **STAYED** until further order of the Court.

2. The parties are invited to file Rule 12(c) motions on X's Section 230 claim (Count 2 of X's Complaint) no later than August 4, 2025.

a. If a Rule 12(c) motion is filed by August 4, 2025, consideration of the motion (or motions) will proceed in the ordinary course under Local Rule 7.1(c).

b. If no Rule 12(c) motion is filed by August 4, 2025, all proceedings in this case will be stayed until further order of the Court.

Dated: July 3, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge